UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS DEJESUS,<br><br>Petitioner,<br><br>v.<br><br>ADMINISTRATOR, et al.,<br><br>Respondents. | Civil Action No. 23-2391 (KMW)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on the amended habeas petition filed by Petitioner Jesus DeJesus. (ECF No. 4.) As Petitioner has filed an amended petition and paid the applicable filing fee (ECF Docket Sheet), this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his amended petition, Petitioner does not set forth any grounds for relief. Instead, where prompted to provide such grounds, he states that he "can not [provide grounds for relief] because the PCR Appeal [process has] not fully been [completed] yet." (*See* ECF No. 4 at 8-15.) Petitioner likewise has provided no facts supporting any grounds for relief. (*Id.*) Petitioner instead seeks to request that his amended petition, which is devoid of claims or factual allegations, be held in "abeyance" until after he completes state court proceedings. (ECF No. 4-10.)

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner

1

[and] state the facts supporting each ground." Under the rule, a petitioner must present specific, particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007). General references to the state court record, including to briefs and transcripts filed in the state courts are insufficient to meet the requirements of Rule 2(c). *Adams*, 897 F.2d at 333. Because Petitioner's habeas petition is devoid of clear claims for relief or any factual allegations supporting such grounds, his petition fails to meet the requirements of Rule 2(c) and must be dismissed without prejudice as such. Petitioner's request for "Abeyance" (ECF No. 4-10) must also be denied without prejudice at this time in light of the dismissal of the amended petition. Petitioner will be permitted, however, to file a second amended petition containing any grounds for relief Petitioner intends to raise within thirty days.

**IT IS THEREFORE** on this ___ day of June, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's amended habeas petition (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; and it is further

**ORDERED** that Petitioner's request for "abeyance" (ECF No. 4-10) is **DENIED WITHOUT PREJUDICE** in light of the dismissal of the amended petition; and it is further

**ORDERED** that Petitioner is granted leave to file a second amended petition containing any grounds for relief he intends to raise and the facts supporting those grounds within thirty days; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form - AO 241 (modified): DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge